# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | Criminal No. 01-155 (JRT/FLN) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| MARK ANTHONY SCHWEITZER, | |
| Defendant. | |

Michael L. Cheever, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Katherian D. Roe, Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Defendant Mark Anthony Schweitzer moves to reduce his 120-month sentence to 100 months pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 of the United States Sentencing Guidelines (the "Guidelines"). Schweitzer requests that the Court begin at the bottom of the amended guideline range of 121 months, and then reduce that amount by 21 months to credit the time he served on a related undischarged state sentence, pursuant to U.S.S.G. § 5K2.23.

The Eighth Circuit recently ruled in *United States v. White*, 859 F.3d 569 (8th Cir. 2017), that a court cannot reduce a defendant's sentence below the amended guideline range even to account for a credit under § 5K2.23, and thus the Court must reject Schweitzer's motion to reduce his sentence. As the Court nonetheless finds that this

result is inherently unjust, the Court strongly encourages the Bureau of Prisons to credit Schweitzer for his time served to further the interests of fairness and justness.

## BACKGROUND

On February 26, 2002, Schweitzer entered a plea of guilty to Count 1 of the Indictment, which charged him with possession with intent to distribute 438 grams of a substance containing methamphetamine in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(B). (Plea Agreement, Feb. 26, 2002, Docket No. 29; Indictment, June 6, 2001, Docket No. 6.)

On July 19, 2011, the Court sentenced Schweitzer to a term of imprisonment of 120 months. (Sentencing J., Aug. 11, 2011, Docket No. 50.) The Court determined Schweitzer's base offense level was 30, total offense level was 32, and criminal history category III, all of which resulted in a guideline range of 151 to 188 months' imprisonment. (Sentencing Tr. Hr'g at 6:10-20, Feb. 18, 2016, Docket No. 54.) The Court then departed from the bottom of the guideline range to provide Schweitzer a 21-month credit for the time he served in a related state case pursuant to § 5K2.23 and also varied downward by 10 months based on Schweitzer's severe methamphetamine addiction. (*Id.* at 18:13-16, 19:7-13.)

In 2014, while Schweitzer was serving his term of imprisonment, the United States Sentencing Commission adopted Amendment 782 of the Guidelines, which changed Schweitzer's total offense level to 30, resulting in an applicable guideline range of 121-

151 months imprisonment. U.S.S.G. Suppl. to App. C, Amend. 782 (U.S. Sentencing Comm'n 2014).

On October 31, 2016, Schweitzer moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Schweitzer asks the Court to start at the bottom of the amended guideline sentencing range of 121 months, and then to apply the 21-month credit for time-served pursuant to § 5K2.23.[1]

## DISCUSSION

"As a court of limited jurisdiction, a federal court must be statutorily authorized [under 18 U.S.C § 3582(c)] to modify a previously imposed sentence." *United States v. Biwer*, Nos. 05-319, 07-2025, 2008 WL 170006, at *1 (D. Minn. Jan. 16, 2008). Section 3582(c)(2) provides, in pertinent part, that a court may reduce a defendant's imprisonment term if the defendant was sentenced based on a sentencing range that is subsequently lowered by the Sentencing Commission. Any such reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

The relevant policy statement in this case is U.S.S.G. § 1B1.10(b)(2)(A), which provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." Section 1B1.10(b)(2)(B) provides an exception and allows a court to reduce a sentence to a term

---

[1] The parties agree that the 10 month downward variance that the Court granted at sentencing, based on Schweitzer's drug addiction, cannot be reapplied under 18 U.S.C § 3582(c) and U.S.S.G. § 1B1.10(b)(2)(A).

below the bottom of the guideline range if the court previously imposed a term of imprisonment below the guideline range due to a "government motion to reflect the defendant's substantial assistance to authorities."

In his motion for a sentence reduction, Schweitzer argues that the § 1B1.10(b)(2)(A) limitation should not apply because the 21-month reduction at his original sentencing was a credit rather than a departure or variance, and Schweitzer cites *United States v. Malloy*, 845 F. Supp. 2d 475, 483 (N.D.N.Y. 2012) ("the limitation in section 1B1.10(b)(2) must give way to ensure [defendant's] custody credit – to the extent it was/is justified under section 5K2.23 – is reapplied.").

After Schweitzer filed his motion, the Eighth Circuit issued a decision that expressly rejected this argument and *Malloy*. *United States v. White*, 859 F.3d 569, 571-72 (8th Cir. 2017). The *White* court held that "the guidelines are clear that the court cannot reduce a defendant's term below the amended guideline range based on a downward departure for reasons other than substantial assistance. Section 5K2.23 provides for a downward departure based on a defendant's discharged term of imprisonment." *Id.* at 572.

The Court is bound by the *White* decision and lacks authority to reduce Schweitzer's sentence to below the amended guideline range by applying § 5K2.23. Because Schweitzer's current 120-month sentence is already below his amended guideline range, the Court must deny Schweitzer's motion. However, the Court finds this result unfortunate because it removes the Court's discretion to credit Schweitzer for time he already served, which the Court had already done, and limits the number of defendants

who will be able to obtain relief under § 3582(c)(2). In light of this inequity, the Court **strongly** encourages the Bureau of Prisons to use its authority to modify Schweitzer's term to 100 months imprisonment. *See United States v. Harris*, 318 F. App'x, 444,446 (8th Cir. 2009) (holding the Bureau of Prisons has the discretion to determine credit for time served).

## ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Mark Anthony Schweitzer's Motion to Reduce Sentence [Docket No. 56] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 13, 2017                 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                        Chief Judge
                                        United States District Court